PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIJAH IVERSON,

       Plaintiff,

   v.                                                    17-CV-365
                                                            ORDER

BRENT COSTELLO; JASON
ARLINGTON; and KEN ENGLERT,

       Defendants.
_____

The *pro se* plaintiff, Elijah Iverson, is a prisoner confined at the Federal Correctional Institute in Allenwood, Pennsylvania. Following a jury trial in this Court, he was convicted of (1) possessing 28 grams or more of cocaine with intent to distribute, (2) possessing marijuana with intent to distribute, (3) maintaining a drug-involved premises, (4) possessing a firearm in furtherance of a drug-trafficking crime, and (5) being a felon in possession of a weapon. *United States v. Iverson*, Case No. 14-CR-197, Docket Item 118. He was sentenced to a total term of imprisonment of 180 months. *Id.*

Following his conviction and while his appeal was pending, Iverson filed the instant action under 42 U.S.C. § 1983. Docket Item 1. He alleges that the defendants—three police officers from the Town of Tonawanda, New York—violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by bringing "a narcotics dog (K-9 [named] Tank) within the curtilage of [his] house to search for incriminating evidence of drugs." *Id.* at 5. "Once all of this was done," Iverson alleges, "the police obtained a warrant based on this information" and found

narcotics in his home. *Id.* Iverson also claims that he was falsely arrested based on that evidence. *Id.* at 6. He seeks "[s]upression of [the] illegally obtained evidence and to be compensated for everyday [sic] incarcerated unjustly." *Id.*

This Court granted Iverson permission to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)-(b); screened his complaint under §§ 1915(e)(2)(b) and 1915A; and stayed the action pending resolution of his appeal of his conviction. Docket Item 3.[1] The Court explained:

> [N]ot only is Iverson's conviction pending on appeal, the legality of the search and seizure is actually at the heart of that appeal. The resolution of that issue and Iverson's appeal will likely determine many of the issues in this case . . . . [I]f the court finds the search to have been appropriate, his claim likely will be barred by principles of issue preclusion.

*Id.* at 5.

On July 31, 2018, the United States Court of Appeals for the Second Circuit upheld this Court's pretrial ruling denying Iverson's motion to suppress the physical evidence seized from his home and affirmed Iverson's conviction. *United States v. Iverson*, 897 F.3d 450, 459-461 (2d Cir. 2018).

For the reasons that follow, the stay in this action is vacated, and Iverson's complaint is dismissed.

---

[1] The Court also instructed Iverson to inform the Court of the status of his appeal every ninety days, Docket Item 3 at 7, but he neglected to do so.

**DISCUSSION**

I.     **SEARCH AND SEIZURE**

Iverson's claims that the K-9 "sniff" search of his home and the subsequent seizure of evidence were unlawful are barred by the doctrine of collateral estoppel. Collateral estoppel—also referred to as issue preclusion—"applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) (quoting *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010)). "Settled authority establishes that where . . . [a] court has determined that the challenged search warrant or warrantless seizure was supported by probable cause, the defendant may not relitigate that determination in a federal Section 1983 action." *DeFranco v. Town of Irondequoit*, No. 06-CV-6442, 2009 WL 2957813, at *4 (W.D.N.Y. Sept. 11, 2009) (citing *Allen v. McMurray*, 449 U.S. 90, 103-04 (1980)).

In Iverson's criminal prosecution, United States Magistrate Judge Jeremiah J. McCarthy conducted a suppression hearing and then issued a Report and Recommendation ("R&R"), finding that the Court should deny Iverson's motion to suppress the physical evidence seized from his home. After Iverson filed objections, this Court adopted Judge McCarthy's R&R and denied Iverson's motion. *United States v. Iverson*, 166 F. Supp. 3d 350 (W.D.N.Y. 2016). More specifically, this Court found that Judge McCarthy was correct in concluding that the K-9 "sniff" search did not violate the Fourth Amendment and therefore that the subsequent "search conducted pursuant

3

to a warrant . . . did not yield the fruit of any poisonous tree." *Id.* at 358-59.  The Second Circuit affirmed.  *See Iverson*, 897 F.3d at 461 ("Given that the officers and [the K-9 dog] were lawfully where they were, Iverson had no legitimate or reasonable expectation of privacy in airborne particles bearing odors.  Accordingly, the district court correctly held that there was no unreasonable search in violation of the Fourth Amendment.").  Thus, Iverson is barred from relitigating his Fourth Amendment search-and-seizure claims in this action.

## II.        FALSE ARREST

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994), whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  As a result, a false-arrest claim must be dismissed when a plaintiff has been convicted of the crime for which he was arrested and that conviction has been upheld on appeal.  *See Vallen v. Connelly*, 36 F. App'x. 29, 31 (2d Cir. 2002) ("To be sure, if a person were validly convicted of the crime for which he was arrested, he would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause . . . and a valid conviction establishes the existence of probable cause."); *Weyant*, 101 F.3d at 853 ("If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally would be conclusive evidence of probable cause.'  But this is so only if the conviction 'survives appeal.'") (quoting *Broughton v. State*, 37 N.Y.2d 451, 457 (1996))).

As explained above, the Second Circuit has affirmed Iverson's conviction, finding that the search that led to his arrest did not violate the Fourth Amendment.  Accordingly, his false-arrest claim is dismissed as well.

### III.    *HECK* BAR

Iverson's claims also are barred by the favorable-termination requirement in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that:

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under [section] 1983."  *Id.* at 487 (emphasis in original).

Here, success on Iverson's search-and-seizure and false-arrest claims would necessarily call into the question the validity of his conviction.  Indeed, the relief he seeks is "[s]upression of [the] illegally obtained evidence and to be compensated for everyday [sic] incarcerated unjustly."  Docket Item 1 at 6.  Thus, because Iverson "has not demonstrated that his conviction has been invalidated in any manner," his claims for damages allegedly arising from the search and seizure and false arrest underlying that conviction may not proceed.  *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

**CONCLUSION**

For the reasons set forth above, the stay is vacated, and Iverson's claims are dismissed. Iverson is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

**ORDER**

IT HEREBY IS ORDERED that the stay is vacated, Iverson's complaint is dismissed, and the Clerk of Court shall close this case; and it is further

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   August 21, 2020
            Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE